IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELVIN EARL, JR., | § | |
| | § | |
| Defendant Below, | § | No. 33, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2205001959 (N) |
| | § | |
| Appellee. | § | |

Submitted: February 21, 2025
Decided: February 24, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On January 28, 2025, the Court received Melvin Earl, Jr.'s notice of appeal from a Superior Court order denying the motions for sentence correction and sentence reduction that he filed under Superior Court Criminal Rule 35. The original Superior Court order was dated December 16, 2024, but was corrected and docketed on December 17, 2024. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal would have been filed by January 16, 2025.

(2)     The Senior Court Clerk issued a notice directing Earl to show cause why this appeal should not be dismissed as untimely filed. In his responses to the

notice to show cause, Earl stated that his attorney told him to send the notice of appeal to the Department of Justice, which misplaced the notice.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(4) Earl has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel. Based on the Superior Court docket, no attorney has appeared for Earl in Cr. ID No. 2205001959 since 2023. Earl has provided documents showing that an organization called the National Legal Professional Associates ("NLPA") assisted with or prepared the notice of appeal and advised that it should be sent to the Superior Court and the Department of Justice.[4] Even assuming NLPA represented Earl,[5] defense attorneys are not court-related

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Supr. Ct. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] The NLPA website describes the company's services as "Post Conviction Relief and Sentence Reduction Assistance." NLPA, https://nlpa.com/. Two courts have previously found that the NLPA engaged in the unauthorized practice of law. *United States v. Johnson*, 327 F.3d 554, 561-62 (7th Cir. 2003) (affirming the district court's finding that a disbarred attorney and the NLPA had engaged in the unauthorized practice of law in the Southern District of Illinois); *In re Nat'l Legal Prof'l Assocs. (NLPA)*, 2010 WL 624045, at *1 (N.D.N.Y. Feb. 18, 2010) (holding that the NLPA had engaged in the unauthorized practice of law in connection with two criminal defendants).

[5] The notice of appeal describes Earl as proceeding *pro se*. The NLPA website states that "NLPA is not a law firm" and "cannot represent you as your counsel." *Id.*

personnel.[6]  Nor are Department of Justice employees, who are not responsible for filing a criminal defendant's notice of appeal with this Court.[7]  Because the untimeliness of this appeal is not attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.  The Clerk of the Court is directed to send copies of this order and Earl's filings in this Court to the Office of Disciplinary Counsel.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *Garrison v. State*, 2024 WL 543038, at *1 (Del. Feb. 9, 2024); Young *v. State*, 2018 WL 6118713, at *1 (Del. Nov. 20, 2018).
[7] *See, e.g., Downs v. State*, 2001 WL 1751225, at *1 (Del. Oct. 15, 2001) (dismissing appeal as untimely where the appellant sent the notice of appeal to the Department of Justice, but not this Court).